<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>    A&P DIVERSIFIED<br>    TECHNOLOGIES REALTY,<br><br>                 Debtor.<br><br>RONALD KRANTZ M.D., in his capacity<br>as Executor of the Estate of Mark Krantz,<br><br>                 Appellant,<br><br>      v.<br><br>CATHERINE E. YOUNGMAN,<br><br>                 Appellee. | Civ. No. 07-4574 (GEB)<br><br>**MEMORANDUM OPINION** |

<u>**BROWN, Chief Judge**</u>

      This matter comes before the Court upon the appeal of Ronald Krantz M.D. ("Appellant" or "Dr. Krantz"), from the June 20, 2007 Order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") awarding fees and expenses to the attorneys for the Chapter 7 Trustee, Catherine E. Youngman, ("Appellee" or "Trustee"), as well as the July 30, 2007 Order denying Appellant's motion to reconsider the award.[1] Also before the Court is Appellant's Motion to Strike Appellee's Brief for Untimely Filing and Appellee's Motion to

---

[1] Although Dr. Krantz formally seeks review of the motion for reconsideration, he argues that he is also appealing the initial grant of attorney's fees. (<u>Compare</u> Notice of Appeal at 1, <u>with</u> Appellant's Reply Br. at 4.) In light of Appellant's *pro se* status, the Court will review the initial order as well as the order on the motion for reconsideration.

Dismiss the Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8011.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158.  The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will affirm the Bankruptcy Court's July 30, 2007 Order.  Additionally, the Court will deny Appellee's Motion to Dismiss, and Appellant's Motion to Strike.

## I. BACKGROUND

Dr. Krantz brings this appeal as a *pro se* litigant on behalf of the Estate of Mark Krantz.  According to Appellant, Mark Krantz passed away in August 2006, at which point Dr. Krantz and Jerome Krantz assumed control of his estate.  (Pl. Br. at 1.)  Mark Krantz was the principal of the debtor, A&P Diversified Technologies Realty ("A&P" or "Debtor").  On January 20, 2000, A&P filed a petition under Chapter 11 of the Bankruptcy Code.  David Shaver represented A&P from that time until July 16, 2001, when Mr. Shaver's Motion to be Relieved as Counsel was granted by the Bankruptcy Court.  On April 30, 2001, the Bankruptcy Court converted the case from Chapter 11 to Chapter 7.  The Trustee was appointed soon thereafter.  On June 20, 2007, the Bankruptcy Court awarded fees in the amount of $201,864.50 and expenses in the amount of $12,179.88 to the attorneys for the Trustee.  On June 27, 2007, Appellant moved for reconsideration of the July 21, 2007 order.  On July 30, 2007, the Bankruptcy Court denied the motion for reconsideration.  Appellant subsequently appealed to this Court.

## II. DISCUSSION

### A. Appellant's Motion to Strike Appellee's Brief as Untimely

Dr. Krantz argues that the Appellee's brief should be struck for untimely filing.  The

2

Court disagrees.  The Appellee's brief was timely filed on October 29, 2007 pursuant to Federal Rules of Bankruptcy Procedure 8009 and 9006.  The Appellant's brief was served by certified mail on October 10, 2007.  (Appellant's Cert. of Service, Oct. 10, 2007.)  Under Bankruptcy Rule 8009(a)(2), an appellee must ordinarily serve and file the opposition brief within fifteen days after service of the appellant's brief, but Bankruptcy Rule 9006(f) states that when the appellant's brief is served by mail, three additional days are added to the fifteen day deadline.  Thus, Appellee's brief would be due on Sunday, October 28, 2007.  Under Bankruptcy Rule 9006(a), the time period is extended from Sunday, October 28, 2007 to Monday, October 29, 2007.  Thus Appellee's brief was timely filed.  Dr. Krantz cites no authority supporting an alternative reading of the Bankruptcy Rules.[2]  Accordingly, the Court will deny the motion to strike.

      **B.**     **Standard of Review on Appeal**

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."  FED. R. BANKR. P. 8013.  A factual finding is clearly erroneous only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Cellnet Data Sys., Inc., 327 F.3d 242, 244 (3d Cir. 2003) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A bankruptcy court's conclusions of law, on the other hand, are reviewed de novo.  Id.  Where

---

      [2]Contrary to Dr. Krantz's suggestions, this Court did not enter an order modifying the briefing schedule set forth in the Bankruptcy Rules. (Appellee's Reply Br. on Mot. to Strike at 1, 5.)

mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal.  Id.  "Fee awards are reviewed for an abuse of discretion, which can occur 'if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'" Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 257 (3d Cir. 1995) (citations omitted). Similarly, a motion for reconsideration is generally reviewed under an abuse of discretion standard.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1203 (3d Cir. 1995) ("[g]enerally, the denial of a motion for reconsideration is reviewed for an abuse of discretion").

    **C.**    **Application**

This Court concludes that the Bankruptcy Court did not abuse its discretion in awarding attorney's fees and in denying the motion for reconsideration.  The *pro se* Appellant has not demonstrated that any findings of fact by the Bankruptcy Court were clearly erroneous. Appellant has not identified any improper legal standards used by the Bankruptcy Court.  Nor has Appellant demonstrated that the Bankruptcy Court employed any improper procedures.

Dr. Krantz does not allege that the Trustee's attorneys failed to perform the services for which they seek fees, that the rates charged were unreasonable, or that the parties did not require their services.  Instead, Dr. Krantz appears to argue that the Bankruptcy Court should not have awarded any attorney's fees to the Trustee's attorneys in light of purported breaches of their fiduciary duty.  Dr. Krantz alleges that the Trustee's attorney breached their fiduciary duty by: (1) "dropping the appeal midstream" in a malpractice suit against the rent receiver and its law firm, Gregory & Reed, P.C.; and (2) failing to pursue a malpractice claim against David Shaver

for not disclosing alleged conflicts of interest. Dr. Krantz also argues that the Bankruptcy Court erred in not requiring the attorneys to file updated affidavits pursuant to Bankruptcy Rule 2014 prior to awarding fees. (Appellant's Br. at 5, 9.)

First, Dr. Krantz's allegations regarding the need for additional affidavits from the attorneys in this case is baseless. The Bankruptcy Court properly found that "[t]he objection fails . . . to give any rational belief for the need for supplemental disclosure." (Bankr. Ct. Tr., June 20, 2007 at 18.) Bankruptcy Rule 2014 requires that attorneys applying for employment set forth in a verified statement any personal connection they have with parties of interest. While parties are required to update their 2014 statements if new conflicts become clear, see In re West Delta Oil Co., Inc., 432 F.3d 347, 355 (5th Cir. 2005), Dr. Krantz has not presented this Court with any evidence of an improper conflict beyond mere conjecture. As such, this Court will not conclude that the Bankruptcy Court abused its discretion by not requiring additional Rule 2014 affidavits.

Second, Dr. Krantz's arguments regarding the suit against the rent receiver and its law firm and the purported malpractice claim against Mr. Shaver are without merit. In its June 20, 2007 order, the Bankruptcy Court properly found that these "arguments are perplexing, as the Trustee formally and specifically abandoned claims against Gregory & Reed by notice of abandonment filed on December 7, 2006 and abandoned all unadministered assets or claims by notice of abandonment filed on that same date." (Bankr. Ct. Tr., June 20, 2007 at 16.) "No one objected to those proposed abandonments and they became effective as a matter of law on or about January 2, 2007." (Id.)[3] Dr. Krantz seems to be arguing that attorney's fees awarded to the

---

[3] Dr. Krantz filed "a complaint against David Shaver based on malpractice [, which was] ultimately dismissed" by the Bankruptcy Court because "even assuming the malpractice alleged neither the estate nor Mr. Krantz had suffered any damages." (Bankr. Ct. Tr., June 20, 2007 at

Trustee's attorneys are inappropriate because the Trustee should not have abandoned the claims against the rent receiver, the rent receiver's attorneys and David Shaver.  Dr. Krantz alleges that he was unable to timely oppose the abandonments because he did not receive proper notice.

The Court is not convinced.  The Court rejects Dr. Krantz argument that abandonment was improper because "[n]either the estate of Mark Krantz nor Ronald Krantz received notice of abandonment." (Appellee's Br. at 8.)  As the Bankruptcy Court noted, the December 7, 2006 notices of proposed abandonment are on the Bankruptcy Court docket and "the notice[s] of abandonment went to the address that was on file." (Bankr. Ct. Tr., June 20, 2007 at 6.)  Dr. Krantz has not demonstrated that this factual finding was clearly erroneous.   Furthermore, Dr. Krantz has not demonstrated that the Trustee should not have abandoned the claims.  The Trustee's power to abandon property is discretionary and the record before the Court does not demonstrate an abuse of that discretion.  See In re. Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("[c]ourts defer to the trustee's judgment and the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion").[4]

Despite the fact that Mr. Krantz did not object to the amount of the requested fees, the Bankruptcy Court properly "undertook its own review of the time detail" and found "instances of

---

17.)  Dr. Krantz did not appeal the dismissal of his Complaint.

[4] The Appellee states that the Trustee abandoned the malpractice claim against Mr. Shaver because it concluded that it was not viable in light of the fact that Mr. Shaver filed a plan after the exclusivity period "and pursued that Plan on behalf of the Debtor for 10 months." (Appellee's Br. at 11.)  Dr. Krantz does not contest these facts and fails to demonstrate an abuse of discretion regarding the abandonment of this claim.  Additionally, the Court concludes that the fact that the Trustee at one time believed the claims against the rent receiver and their attorneys to be meritorious, does not demonstrate that the Trustee abused its discretion in later abandoning the claim.

excessive time for particular services" including "time devoted to intra-office conferences." (Bankr. Ct. Tr., June 20, 2007 at 20.) The Bankruptcy Court made a downward adjustment of $2,500 and awarded fees in the amount of $201,864.50. The Bankruptcy Court awarded the requested expenses of $12,179.88. Dr. Krantz does not address the details of these calculations; he argues that the attorneys should receive no fees or expenses. The Court, having rejected his arguments, will affirm the award.[5]

### III.    CONCLUSION

For the foregoing reasons, Appellant's appeal is denied and the Bankruptcy Court's Order of June 20, 2007 awarding fees and expenses to the attorneys for the Chapter 7 Trustee is affirmed. Likewise, the Bankruptcy Court's Order of July 30, 2007 denying Appellant's motion to reconsider the award of fees and expenses is affirmed. Appellant's motion to strike and Appellee's motion to dismiss the appeal are denied. An appropriate form of order accompanies this Memorandum Opinion.

---

[5] Appellee moved to dismiss the appeal because "Dr. Krantz is neither an attorney nor a party proceeding in connection with an interest personal to him." (Def's Mot. to Dismiss Br. at 4.) Although some courts have held that a representative of an estate may not proceed *pro se* on behalf of the estate where the estate has beneficiaries or creditors other than the representative, Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997), the Court here does not have sufficient information to determine whether the estate of Mark Krantz has beneficiaries or creditors other than Dr. Krantz. In any event, the Court will deny the motion to dismiss as moot, in light of the fact that the appealed orders have been affirmed. See, e.g., In re Olick, No. 01-7145, 2002 WL 1739667, at *4 n.6 (E.D. Pa. 2002) (denying motion to dismiss bankruptcy appeal as moot where bankruptcy court order is affirmed).

Dated: February 19, 2008

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
